UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KAREN C. PATTERSON, | ) | |
| on behalf of herself and all others | ) | |
| similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | 1:05-cv-1782-DFH-TAB |
| | ) | |
| vs. | ) | |
| | ) | |
| STATE FARM MUTUAL AUTOMOBILE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON FEBRUARY 7, 2006 INITIAL PRETRIAL CONFERENCE

Parties appeared by counsel February 7, 2006 for an initial pretrial conference. Argument was held with respect to the parties' differing proposals in the Case Management Plan ("CMP") as well as the proposed stipulated protective order. [Docket Nos. 23, 24.] This entry addresses these matters.

Defendant proposes bifurcating this action to first focus on whether class certification is appropriate, and asks the Court to schedule a two-day hearing on Plaintiff's anticipated motion for class certification. Plaintiff opposes bifurcation, contends that oral argument is all that will be needed to address class certification, and asks the Court to approve a CMP that will ready this case through trial. On balance, the Court finds the Plaintiff's argument more persuasive.

Plaintiff correctly argues that it may be difficult to distinguish between class discovery and merits discovery. Defendant claims otherwise, and relies upon the Manual for Complex Litigation ("MCL") to support its position. [Docket No. 25, p. 4.] But even the MCL provisions cited to by the Defendant acknowledge there is not always a "bright line" between class and

merits discovery.  *Id*.  This inevitably would lead to discovery disputes that are easily avoided by rejecting bifurcation.  Defendant fears that, without bifurcation, extensive, rambling, merits-based discovery will overwhelm this litigation at the outset.  It is true that bifurcation would almost assuredly narrow the allowable scope of discovery.  However, the Court agrees with Plaintiff that, given the "fairly aggressive" schedule for submitting the class certification motion by July 28, 2006, Plaintiff will need to focus her initial discovery on class certification issues.  [Docket No. 26, p. 3.]  To the extent that this narrowed focus does not occur by way of litigation necessity, the Court hereby directs counsel to use good faith efforts to target initial discovery to class issues.[1]

The Court also agrees that there is no need at this juncture to set a two-day hearing on the anticipated motion for class certification.  In this district, such motions are typically set for oral argument, if necessary, rather than for hearing.  The District Judge will ultimately decide how best to resolve this motion.  Perhaps a review of the motion for class certification and related briefing will provide a basis to revisit the advisability of such a hearing.  At this juncture, however, the Court is hard pressed to find that an oral argument would not suffice.

The Court then is left with a proposed CMP that is chock full of differing proposals.  To avoid confusion, the Court hereby denies the proposed CMP [Docket No. 23] and orders the parties to submit a revised CMP consistent with this order within 10 days.  The Court anticipates that, given the direction set forth in this order, all deadlines will be agreed upon.  In the unlikely event that this is not so, each party shall set forth its proposed deadlines in a single CMP.

---

[1]The Court reiterates, however, that it is not ordering bifurcation, and discovery disputes hinging upon Defendant's assertion that Plaintiff's initial discovery strays into the merits will likely be poorly received.

Argument or explanation is unnecessary.

As for the parties' proposed protective order, the Court notes that such orders are appropriate only upon a finding of good cause. While there may well be good cause in a case such as this, neither the proposed protective order nor the argument submitted by Defendant's counsel (the driving force for the order) established good cause to the Court's satisfaction. Instead, the Court learned that, as of the initial pretrial conference, no discovery had even been served and the proposed protective order is a preemptory attempt to put in place protections for various discovery that might be sought. This puts the protective order cart in front of the discovery horse. Good cause would be much more likely to be established if the protective order recited that certain confidential information had been requested in discovery, described the specific information sought, and provided a rationale as to why the information was confidential or otherwise entitled to protection. Accordingly, the proposed protective order is denied without prejudice. The parties may submit a revised, narrowly tailored protective order that reflects the specific information requested in discovery, and otherwise complies with *Citizens First National Bank of Princeton v. Cincinnati Insurance*, 178 F.3d 943 (7th Cir. 1999), and its progeny.

In sum, the proposed CMP [Docket No. 23] is denied. The parties shall submit a revised, proposed CMP within 10 days. This CMP shall not provide for bifurcation or a hearing on class certification, and shall contain a schedule to fully prepare this case through trial. In addition, the proposed protective order [Docket No. 24] is denied without prejudice to submit


a revised, proposed protective order consistent with this entry.

Dated: 02/16/2006

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Joseph A. Cancila Jr.
SCHIFF HARDIN LLP
jcancila@schiffhardin.com

Dennis F. Cantrell
BINGHAM MCHALE, LLP
dcantrell@binghammchale.com

James P. Gaughan
SCHIFF HARDIN LLP
jgaughan@schiffhardin.com

Scott D. Gilchrist
COHEN & MALAD LLP
sgilchrist@cohenandmalad.com

James Keller
KELLER & KELLER
2850 N Meridian Street
Indianapolis, IN 46208

Irwin B. Levin
COHEN & MALAD LLP
ilevin@cohenandmalad.com

Anna E. Muehling
BINGHAM MCHALE
amuehling@binghammchale.com

Eric S. Pavlack
COHEN & MALAD LLP
epavlack@cohenandmalad.com