UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KAREN C. PATTERSON f/k/a )<br>KAREN C. ROBERTS, on behalf of herself )<br>and all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STATE FARM MUTUAL AUTOMOBILE )<br>INSURANCE COMPANY, )<br>)<br>Defendant. ) | CASE NO. 1:05-cv-1782-DFH-TAB |

ENTRY ON MOTION TO DISMISS

This putative class action is based on the premise that a car damaged in an accident, even after complete repairs, has a lower market value than an identical car that has not been in an accident. The case challenges defendant State Farm Mutual Automobile Insurance Company's alleged refusal to pay, in addition to repair costs, for the diminished value of its insureds' vehicles that are damaged by uninsured motorists. The case is now before the court on defendant's motion to dismiss because the plaintiff has not named as a defendant the uninsured motorist who damaged her car. As explained below, the motion to dismiss is granted, but the dismissal is without prejudice to plaintiff's ability to amend her complaint.

I.   *The Indiana Supreme Court Decisions in Allgood and Dunn*

This case was filed on October 28, 2005, the day after the Indiana Supreme Court decided two companion cases dealing with insureds' claims, in addition to costs of repair, for payment for diminished value of vehicles that had been involved in accidents. In *Allgood v. Meridian Security Ins. Co.*, 836 N.E.2d 243 (Ind. 2005), an insurance policy limited recovery on an insured's property loss to the "amount necessary to repair or replace the property with property of like kind and quality." The court held that the policy did not require the insurer to pay for a repaired vehicle's diminution of value. As a matter of tort law, a driver who negligently damages another vehicle is liable to the owner for both the repair of the vehicle and any resulting diminution in value. But an insured's claim against her insurer is controlled by contract law, not tort law. *Id.* at 247-48. As a matter of first impression in Indiana, the court held in *Allgood* that the policy language provided for payment of the amount necessary to repair or replace the vehicle, but not to restore its value. *Id.* at 246-47.

In the companion case, the court dealt with payment of diminished value under the uninsured motorists ("UM") provisions of an automobile insurance policy. In *Dunn v. Meridian Mutual Ins. Co.*, 836 N.E.2d 249 (Ind. 2005), an insured sued for the diminished value of his vehicle under the UM provisions of his automobile insurance policy.[1] The insurer argued that UM coverage was not

---

[1]Tennessee law applied to the policy in *Dunn*, but the Indiana court found no difference between the two states' laws in any relevant respect. The court's

intended to provide more coverage than the insured would receive under the collision portion of his policy, so that the insurer would be responsible for only the cost of repair. As in *Allgood,* the court turned to the language of the contract, which provided up to $10,000 for damages "which an 'insured' is legally entitled to recover from the owner or operator of an 'uninsured motor vehicle'." *Id.* at 252. Because, as a matter of tort law, the driver of the uninsured vehicle would be liable for the diminished value of plaintiff's vehicle, the UM coverage also applied to diminished value. *Id.* at 254-55.

II.   *This Case*

The day after *Allgood* and *Dunn* were decided, plaintiff Karen Patterson filed this action in the Marion Superior Court against her insurer, State Farm, which then removed the case pursuant to 28 U.S.C. § 1441 based on diversity of citizenship. Patterson's car was damaged by an uninsured driver. State Farm paid to repair her car but not for any further diminished value. Patterson claims that State Farm has been breaching its insurance contracts for years by not paying for diminished value of vehicles damaged by uninsured drivers. She seeks to represent the following class:

> All persons or entities in the State of Indiana who received payment pursuant to uninsured property coverage from State Farm since October 28, 1995, and who did not receive payment for diminished value, where (1) the estimate, including supplements, to repair the vehicle was more than

---

analysis was premised upon Indiana precedent and its conclusions were reached with respect to the law of both states.

-3-

$1,000; (2) the vehicle was less than six years old (model year plus five) and had less than 90,000 miles on it at the time of the accident; and (3) the vehicle suffered structural (frame) damage and/or required body or paint work.[2]

State Farm argues that the case must be dismissed because plaintiff has failed to name the uninsured driver as a defendant, which the policy requires for any suit for uninsured motorist coverage. State Farm argues that naming the uninsured driver is a condition precedent for such a suit, and that the uninsured driver is a necessary party under Rule 19 of the Federal Rules of Civil Procedure, so that his absence requires dismissal under Rule 12(b)(7). The court concludes that plaintiff has a contractual obligation to include in this lawsuit the uninsured motorist who damaged her vehicle. For that reason the current complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), though the uninsured driver is not a necessary party under Rule 19. The dismissal is without prejudice and plaintiff is free to amend her complaint accordingly.

III.    *Standard for Dismissal*

When deciding a motion to dismiss, the court views the complaint in a light most favorable to the plaintiff. *Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir. 2003). This includes accepting as true all well-pleaded allegations and making any reasonable inferences from the allegations in her favor. *Id.* The motion will be granted only if it appears beyond a reasonable doubt that the plaintiff cannot

---

[2] Policyholders whose vehicles were declared total losses are excluded.

-4-

prove any facts that would support a claim for relief. *Manning v. Miller*, 355 F.3d 1028, 1031 (7th Cir. 2004).

IV.   *The UM Coverage Provisions*

The relevant portions of the UM coverage in Patterson's policy with State Farm are as follows:

> We will pay damages for *bodily injury* and *property damage* an *insured* is legally entitled to collect from the owner or driver of an uninsured motor vehicle. The *bodily injury* must be sustained by an *insured*. The *bodily injury* or *property damage* must be caused by accident arising out of the operation, maintenance or use of an *uninsured motor vehicle.*
>
> *Property Damage* – means damage to:
>
> 1.   *your* car or a *newly acquired* car; or
> 2.   personal property owned by an *insured* while in *your car* or a *newly acquired car.*
>
> It does not include loss of use of such property.
>
> \* \* \*
>
> *Deciding Fault and Amount*
>
> Two questions must be decided by agreement between the *insured* and us:
>
> 1.   Is the *insured* legally entitled to collect damages from the owner or driver of an *uninsured motor vehicle* or an *underinsured motor vehicle*; and
>
> 2.   If so, in what amount?
>
> If there is no agreement, then:
>
> 1.   If both parties consent, these questions shall be decided by arbitration as follows:

-5-

> Each party shall select a competent and impartial arbitrator. These two shall select a third one. The written decision of any two of the three arbitrators shall be binding on each party. If the two selected arbitrators are unable to agree on a third one within 30 days, the *insured* shall proceed as provided in item 2. below.
> The cost of the arbitrator and any expert witness shall be paid by the party who hired them. The cost of the third arbitrator and other expenses of arbitration shall be shared equally by both parties.
> The arbitration shall take place in the county in which the *insured* resides unless the parties agree to another place. State court rules governing procedure and admission of evidence shall be used; or

> 2. If either party does not consent to arbitrate these questions or if the arbitrators selected by each party cannot agree on the third arbitrator, the *insured* shall:
>
>     a. file a lawsuit in the proper court against the owner or driver of the *uninsured motor vehicle* or *underinsured motor vehicle* and us, or if such owner or driver is unknown, against us; and
>     b. upon filing, immediately give us copies of the summons and complaints filed by the *insured* in that action, and
>     c. secure a judgment in that action. The judgment must be the final result of an actual trial and an appeal, if an appeal is taken.
>
> 3. If the *insured* files suit against the owner or driver of the *uninsured motor vehicle* or *underinsured motor vehicle*, we have the right to defend on the issues of the legal liability of and the damages owed by such owner or driver.

> We are not bound by any judgment against any *person* or organization obtained without our written consent.

V.  *Discussion*

Rule 9(c) of the Federal Rules of Civil Procedure has liberalized pleading requirements with respect to conditions precedent, but the rule still requires a plaintiff alleging a breach of contract to allege that she has performed all conditions required of her. "Alleging performance of all conditions precedent under a contract is no less essential in an action to recover for breach of an

insurance contract." *Redfield v. Continental Cas. Corp.*, 818 F.2d 596, 610 (7th Cir. 1987) (applying Illinois substantive law and federal procedural law). Plaintiff Patterson's complaint does not allege that she has complied with all conditions precedent or that the performance was excused.[3] Failure to allege compliance with conditions precedent normally leads to a dismissal without prejudice or an amendment to the complaint. *Id.*

Plaintiff argues that she does not need to name the uninsured driver as a defendant. She maintains that a requirement that she include the uninsured driver in any lawsuit seeking UM coverage benefits diminishes the statutorily required UM coverage and is therefore void as contrary to public policy. See *Indiana Ins. Co. v. Noble*, 265 N.E.2d 419, 425-26 (Ind. App. 1970) (Sharp, J.) (where policy provisions for UM coverage are more restrictive than relevant statutory provisions, requirements of statute will prevail, and insurer's attempt to dilute or diminish UM statutory protection is void as contrary to public policy). She also points out that Indiana has long allowed an insured to proceed directly against her insurance carrier to recover UM benefits and argues that State Farm must show prejudice to justify dismissal.

---

[3]Plaintiff filed her complaint in state court and the case was removed to this court. A determination of whether pleading compliance with conditions precedent is a procedural or substantive requirement is unnecessary here because Indiana Trial Rule 9(C) also requires a plaintiff to plead compliance with conditions precedent in a case based on breach of an insurance contract. See also *Newport v. MFA Ins. Co.*, 448 N.E.2d 1223 (Ind. App. 1983); see generally William F. Harvey, 1A Indiana Practice Series, Trial Rule 9, § 9.4 (2006).

Plaintiff relies on the following Indiana statute that makes UM coverage a requirement of any automobile policy offered in the state:

> (a) The insurer shall make available, in each automobile liability or motor vehicle liability policy of insurance which is delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state, insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person and for injury to or destruction of property to others arising from the ownership, maintenance, or use of a motor vehicle, or in a supplement to such a policy, the following types of coverage:
>
> (1) in limits for bodily injury or death and for injury to or destruction of property not less than those set forth in IC 9-25-4-5 under policy provisions approved by the commissioner of insurance, for the protection of persons insured under the policy who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness or disease, including death, and for the protection of persons insured under the policy who are legally entitled to recover damages from owners or operators of uninsured motor vehicles for injury to or destruction of property resulting therefrom;
>
> . . . .
>
> The uninsured and underinsured motorist coverages must be provided by insurers for either a single premium or for separate premiums, in limits at least equal to the limits of liability specified in the bodily injury liability provisions of an insured's policy, unless such coverages have been rejected in writing by the insured.

Plaintiff seeks to extend a series of cases that have held void various insurance policy provisions that seek to limit uninsured motorist coverage. See *Veness v. Midland Risk Ins. Co.*, 732 N.E.2d 209, 213 (Ind. App. 2000) (invalidating policy's motorcycle exclusion under uninsured motorist coverage because UM statute did not limit class of uninsured motor vehicles); *Scalf v. Globe American Cas. Co.*, 442 N.E.2d 8, 10 (Ind. App. 1982) (invalidating one-year contractual limitation for filing suit under uninsured motorist coverage because

it "inhibits the fulfillment of the purpose that a claimant should have the same rights as he would have against an insured third party"); *Vernon Fire and Cas. Ins. Co. v. American Underwriters, Inc.*, 356 N.E.2d 693, 696 (Ind. App. 1976) (invalidating definition of "insured" under UM coverage that was considerably narrower than the definition of "insured" under liability coverage of the same policy).

State Farm's policy provision requiring the inclusion of the uninsured driver (if known) in any lawsuit seeking UM benefits does not fall within the reasoning of these cases. It does not limit coverage or even condition coverage. It merely sets forth a condition to suit without imposing a requirement more onerous than those that apply to an insured when a driver who causes an accident has insurance coverage. The requirement is reasonable. If the uninsured motorist were not brought into the lawsuit, and State Farm later chose to assert its subrogation rights (in those cases where the driver might not be effectively judgment-proof), the results of the initial lawsuit would not be binding on the uninsured driver. State Farm would risk extra expense and inconsistent results. The policy provision effectively promotes the efficient resolution in one lawsuit of all issues among all parties who might have an interest in the results, including the uninsured motorist.

It is not difficult to understand why plaintiff might not have included the uninsured driver in this case. She seeks to represent a plaintiff class. It may be

more difficult to show a class should be certified if a class of additional defendants – all the uninsured drivers who are blamed for the damage to the class plaintiffs' vehicles – would need to be added. Notwithstanding plaintiff's desire to use the class action procedure, however, the contract she seeks to enforce includes the provision requiring her to name the uninsured driver as a defendant. The requirement is not void as contrary to statute or public policy.

The fact that Indiana courts have allowed lawsuits for UM coverage to be brought directly against an insurer, without including the uninsured motorist, does not negate the contract language here, though it does undermine State Farm's other contention that the uninsured driver is a necessary party. The Indiana Supreme Court has stated: "Indiana law does not require an insured to obtain a judgment against an uninsured motorist before recovering uninsured motorist benefits. The insured may sue the uninsured tortfeasor or proceed directly against his insurance carrier, but in either case must establish that the tortfeasor was answerable in negligence to him." *Sullivan v. American Cas. Co.*, 605 N.E.2d 134, 139 (Ind. 1992), citing *Ivy v. Massachusetts Bay Ins. Co.*, 569 N.E.2d 692, 694 (Ind. App. 1991), *Town & Country Mut. Ins. Co. v. Hunter*, 472 N.E.2d 1265, 1269 (Ind. App. 1984), and *Allied Fidelity Ins. Co. v. Lamb*, 361 N.E.2d 174, 180 (Ind. App. 1977). *Sullivan* and the cases it cited did not deal with an insurance contract that expressly required the insured to sue the uninsured motorist (if known) along with the insurer. More important, *Sullivan* and the cases it cited emphasized the requirement that the insured prove

negligence on the part of the uninsured driver, regardless of whether the suit was brought against the uninsured driver or the UM coverage provider. The fact that Indiana courts may hear such a case in the absence of the uninsured driver does not nullify the State Farm policy provision, as a matter of contract law.

Plaintiff argues that State Farm must show prejudice to win dismissal for her failure to satisfy a condition precedent. She cites a number of Indiana cases that discuss the need for a showing of prejudice in order to relieve an insurer of its liability based upon the insured's failure to cooperate or to report a loss promptly. See, *e.g.*, *Miller v. Dilts*, 463 N.E.2d 257 (Ind. 1984) (prejudice presumed with untimely notice, but lack of cooperation could be inconsequential and thus requires a showing of actual prejudice). The cases do not stand for the broad proposition that prejudice must exist before an insurance company can rely upon express provisions of a policy. There was no requirement that the insurer show prejudice when an Indiana court enforced a provision which, similar to the one at issue here, set forth a condition that applied when the parties to the insurance contract could not agree on damages. *Monroe Guar. Ins. Co. v. Backstage, Inc.*, 537 N.E.2d 528 (Ind. App. 1989). When the insured and insurer disagree on the amount of damages or an uninsured motorist's liability, Patterson's policy with State Farm allows the insured to pursue arbitration or a lawsuit that must include the allegedly liable driver, while the policy at issue and enforced in *Backstage, Inc.* required the insured and insurer to select appraisers to determine damages if the two disagreed on actual cash value of damaged items.

*Id.* at 529.[4]  The lawsuit was stayed and the court required the insured to comply with the provision requiring the selection of an appraiser.  *Id.*  Similarly, this court will dismiss this matter without prejudice, allowing plaintiff 28 days to amend her complaint if she wishes to do so.  If she does not, the court will enter final judgment dismissing the action.

Defendant's Motion to Dismiss (Document # 15) is GRANTED.  Plaintiff's complaint is dismissed without prejudice, and plaintiff may file an amended complaint **no later than August 3, 2006**.

So ordered.

Date: July 6, 2006

_____
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

---

[4]Because a showing of prejudice is not required, this court does not need to decide if State Farm is prejudiced by plaintiff's failure to include the uninsured driver in this litigation.  However, the prospect of a separate subrogation suit with potential conflicting determinations would seem to weigh in favor of a finding of at least potential prejudice.

-12-

Copies to:

Arend J. Abel
COHEN & MALAD LLP
aabel@cohenandmalad.com

Joseph A. Cancila Jr.
SCHIFF HARDIN LLP
jcancila@schiffhardin.com

Dennis F. Cantrell
BINGHAM MCHALE, LLP
dcantrell@binghammchale.com

James P. Gaughan
SCHIFF HARDIN LLP
jgaughan@schiffhardin.com

Scott D. Gilchrist
COHEN & MALAD LLP
sgilchrist@cohenandmalad.com

James Keller
KELLER & KELLER
2850 North Meridian Street
Indianapolis, IN 46208

Irwin B. Levin
COHEN & MALAD LLP
ilevin@cohenandmalad.com

Anna E. Muehling
BINGHAM MCHALE
amuehling@binghammchale.com

Eric S. Pavlack
COHEN & MALAD LLP
epavlack@cohenandmalad.com