UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KAREN C. PATTERSON f/k/a KAREN C. ROBERTS, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>    Defendant. | CASE NO. 1:05-cv-1782-DFH-TAB |

ENTRY ON MOTION TO DISMISS AMENDED COMPLAINT

On July 6, 2006, the court granted the defendant's motion to dismiss the original complaint because plaintiff had not complied with a policy condition: naming the uninsured motorist as a defendant in her claim for additional uninsured motorist coverage that she contends is due to compensate her for the diminished residual value of her vehicle even after the damage had been repaired. *Patterson v. State Farm Mutual Automobile Ins. Co.*, 2006 WL 1877002 (S.D. Ind. July 6, 2006). As a matter of course, the court gave plaintiff an opportunity to amend her complaint. See, *e.g.*, *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792-93 (7th Cir. 2004) (reversing denial of leave to amend complaint after Rule 12(b)(6) dismissal of original complaint in absence of showing of bad faith, undue delay, dilatory motive, undue prejudice, or futility). Plaintiff filed an

amended complaint, and defendant State Farm Mutual Automobile Insurance Company has moved to dismiss the amended complaint with prejudice.

As explained below, the motion is granted with respect to the plaintiff's claim for breach of contract, though that dismissal is without prejudice. Patterson is free to proceed if she wishes against both State Farm and the uninsured motorist. State Farm's motion is denied with respect to Patterson's tort claim for alleged breach of the insurer's duty of good faith and fair dealing. The Indiana courts have signaled with sufficient clarity that, under governing Indiana law, contractual limits on claims for breach of insurance contracts do not restrict claims that sound in tort. See *Dunaway v. Allstate Ins. Co.*, 813 N.E.2d 376, 385-86 (Ind. App. 2004) (concluding that contractual one-year limit on breach of contract claims did not apply to tort claim for bad faith breach of the same insurance contract).

Plaintiff Patterson filed this action the day after the Indiana Supreme Court issued two decisions dealing with insureds' claims for, in addition to costs of repair, payment for diminished value of vehicles that had been involved in accidents. In *Allgood v. Meridian Security Ins. Co.*, 836 N.E.2d 243 (Ind. 2005), an insurance policy limited recovery on an insured's property loss to the "amount necessary to repair or replace the property with other property of like kind and quality." Interpreting that policy language, the Indiana Supreme Court held that the policy required the insurer to pay only for repairs and did not require the

insurer to pay for a repaired vehicle's diminished value, even though the tortfeasor would be liable for such additional loss. *Id.* at 246-47.

In the companion case, the Indiana court dealt with payment of diminished value under the uninsured motorists ("UM") provisions of an automobile insurance policy. In *Dunn v. Meridian Mutual Ins. Co.*, 836 N.E.2d 249 (Ind. 2005), an insured sued for the diminished value of his vehicle under the UM provisions of his automobile insurance policy. (Tennessee law applied to the policy in *Dunn*, but the Indiana court found no relevant difference between Indiana and Tennessee law.) As in *Allgood*, the court turned to the language of the contract, which provided up to $10,000 for damages "which an 'insured' is legally entitled to recover from the owner or operator of an 'uninsured motor vehicle'." *Id.* at 252. As a matter of tort law, the insured would have been legally entitled to recover the diminished value of his vehicle from the uninsured driver of the other vehicle. The court therefore held that the UM coverage also applied to diminished value. *Id.* at 253-54.

This court granted defendant's motion to dismiss the original complaint because plaintiff had elected not to comply with a condition precedent for a suit against the insurance company for UM benefits. The condition requires the plaintiff to name the uninsured motorist as a defendant, in addition to State Farm. Compliance with that condition would make it difficult for plaintiff Patterson to proceed with a class action, as she and her counsel wish to do.

Plaintiff amended her complaint to assert that she had complied with all conditions precedent other than the requirement to join the uninsured motorist as a party, and she alleged that State Farm had waived and/or should be estopped from relying upon, that condition in the contract. Plaintiff also alleged a tort claim for breach of State Farm's duty of good faith and fair dealing toward its insureds.

The issue is whether these amendments cure the defect in the original complaint, keeping in mind the generous standard that applies to a complaint challenged under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion will be granted only if it appears beyond a reasonable doubt that the plaintiff cannot prove any facts that would support a claim for relief. *Manning v. Miller*, 355 F.3d 1028, 1031 (7th Cir. 2004). Nevertheless, a plaintiff can plead herself out of court by including factual allegations in the complaint that defeat the claim. *E.g.*, *American United Logistics, Inc. v. Catellus Development Corp.*, 319 F.3d 921, 928 (7th Cir. 2003) (affirming dismissal of negligence claims based on economic loss doctrine); *Johnson v. Hondo, Inc.*, 125 F.3d 408, 416, 419-20 (7th Cir. 1997) (affirming dismissal of state law claims).

I.    *Count One:  Breach of Contract, Waiver, and Estoppel*

On her claim for breach of contract, plaintiff's theories of waiver and estoppel to avoid the contract condition are not persuasive. Under Indiana insurance law, waiver is an intentional and voluntary relinquishment of a known

right, while estoppel requires acts or statements that mislead a party entitled to rely on them, and a consequent change of position to that party's detriment. *Tate v. Secura Ins.*, 587 N.E.2d 665, 671 (Ind. 1992) (recognizing that courts have often used the terms interchangeably). Plaintiff Patterson has been specific enough about her theories of waiver and estoppel to show that neither applies here. Plaintiff's theory for both is that State Farm deceived her regarding her right to diminished value payments: "State Farm's own actions prevented it from initially recovering diminished value payments from the uninsured motorists. Having failed to apprise its insureds of their right to diminished value payments when it should have, State Farm should not now be heard to complain that it will be harmed by failure to name the uninsured motorists in this action." Pl. Br. at 13 (Docket No. 50); see Am. Cmplt. ¶¶ 35-37.

The conclusion does not follow from the premise. Plaintiff's theory is that because State Farm (allegedly) breached one policy term, it has waived or should be estopped from enforcing an unrelated policy term that addresses dispute resolution under the policy. What is missing is the required link to the specific policy term that is the target of her theories of waiver and estoppel. See *HemoCleanse, Inc. v. Philadelphia Indemnity Ins. Co.*, 831 N.E.2d 259, 263-64 (Ind. App. 2005) (affirming order compelling arbitration and rejecting waiver argument; arbitration clause is valid and binding even if party seeking to compel arbitration might have breached contract); *Summers v. Auto-Owners Ins. Co.*, 719 N.E.2d 412, 415 (Ind. App. 1999) (affirming summary judgment for insurer based on insured's

failure to bring suit within policy's one year limitation period: "Contractual limitation periods may be waived by an insurer if its conduct is sufficient to create a reasonable belief on the part of the insured that strict compliance with the policy provision will not be required."), quoting *Wingenroth v. American States Ins. Co.*, 455 N.E.2d 968, 970 (Ind. App. 1983). Plaintiff has not alleged and does not argue that State Farm took any actions or made any statements indicating to her that it would not insist on compliance with the policy provision requiring that the uninsured motorist be named as a defendant in the event of a suit. Accordingly, the court grants State Farm's motion to dismiss Count One of the amended complaint for failure to comply with the same condition precedent. The dismissal is without prejudice so as to allow Patterson to join the uninsured motorist as a party, if she wishes to do so.

II.     *Count Two: Breach of Duty of Good Faith and Fair Dealing*

Indiana recognizes that insurers have a duty to deal fairly and in good faith with their insureds, and a breach of that duty is actionable under tort law. *Erie Ins. Co. v. Hickman*, 622 N.E.2d 515 (Ind. 1993). Plaintiff's amended complaint adds allegations of breach of that duty. She alleges that State Farm violated the duty by refusing or failing to pay its insureds for diminished value, by engaging in "systematic claims adjusting practices designed to avoid payment" of diminished value, and by failing to train its claims adjusters and other agents to assess diminished value and to inform insureds about the issue. Am. Cmplt. ¶ 38. Patterson also alleges that State Farm deceived its insureds through these

practices and exercised an unfair advantage to pressure its insureds into settlements for less than was owed under the contracts. *Id.*, ¶¶ 40 & 41.

State Farm objects to the addition of this tort claim in the amended complaint, based on the May 28, 2006 deadline for amending pleadings. That deadline passed while the motion to dismiss the original complaint was under advisement. The purpose of allowing the amended complaint would be defeated if the court refused to consider amendments that might actually allow a viable claim to survive. The court's initial decision dismissing the original complaint did not impose any limits on the scope of permissible amendments.

On the merits, the issue is whether the policy condition requiring Patterson to name the uninsured motorist as a defendant in an action for uninsured motorist benefits under the policy also applies to her tort claim for breach of the duty of good faith and fair dealing. It appears that state courts around the country have divided on similar issues concerning the application of policy limitations to tort claims against insurers. For example, State Farm relies on *Ingrim v. State Farm Fire & Casualty Co.*, in which the Eighth Circuit applied Iowa law to hold that a policy's one-year limit on suing under the policy also applied to a tort claim that was "on the policy." 249 F.3d 743, 745 (8th Cir. 2001), following *Stahl v. Preston Mutual Ins. Ass'n,* 517 N.W.2d 201 (Iowa 1994). Under that approach, courts must evaluate the nature of the tort claim and determine whether it seeks policy proceeds or instead alleges conduct by the insurer giving

rise to an independent or collateral cause of action.  See also *Jang v. State Farm Fire & Casualty Co.*, 95 Cal. Rptr. 2d 917 (Cal. App. 2000) (reviewing evolution of similar doctrines under California law); *Troxell v. American States Ins. Co.*, 596 N.E.2d 921, 924 (Ind. App. 1992) (recognizing national debate on application of such contractual limits to tort claims before Indiana Supreme Court recognized tort claim for bad faith in *Erie Ins. v. Hickman*).

The problem for State Farm on this issue is that the Indiana courts have taken a different approach, as reflected in *HemoCleanse, Inc. v. Philadelphia Indemnity Ins. Co.*, 831 N.E.2d 259, 264-65 (Ind. App. 2005), and *Dunaway v. Allstate Ins. Co.*, 813 N.E.2d 376, 385-87 (Ind. App. 2004).  In *HemoCleanse*, the insurance policy provided liability coverage for a corporation's directors and officers.  The insured sued for breach of the insurance contract and for breach of the duty of good faith and fair dealing by reason of the denial of a request for defense of a claim.  The trial court held that the arbitration clause of the insurance policy applied to the breach of contract claim but not to the tort claim. The Indiana Court of Appeals affirmed on both points.  The Court of Appeals recognized the close link between the contract and tort claims but rejected the argument that the contract's arbitration clause applied to the tort claim.

In *Dunaway*, the underlying policy dispute concerned homeowner's coverage for a loss caused by a fire.  After the insurer denied the claim, the insureds sued for breach of the insurance contract and for the tort of bad faith denial of the

claim. The policy contained a clause requiring that suit be filed within one year after the loss. The insureds missed that one year deadline when they filed suit. The trial court granted summary judgment for the insurer on both claims, but the Court of Appeals reversed on both points. It found an issue of fact as to whether the insurer had waived the one year limit on the breach of contract claim. On the issue more pertinent here, the Court of Appeals concluded that the policy's time limit simply did not apply to the tort claim. 813 N.E.2d at 385-87.

State Farm argues that this portion of *Dunaway* is dicta and that the Indiana Supreme Court is not likely to follow its approach. Because the *Dunaway* court found a genuine issue of fact as to waiver of the one year policy limit, it was not necessary, strictly speaking, to decide whether the one year policy limit also applied to the tort claim. Nevertheless, the Court of Appeals recognized that the issue presented a pure question of law that would likely recur on remand, and chose to answer the question. In doing so, the Court of Appeals panel provided a careful analysis and guide to Indiana law on the question, one that this court may not disregard in trying to predict Indiana law on the question.

State Farm correctly points out that this court's role is to predict how the Indiana Supreme Court would decide the issue and that decisions of the intermediate Court of Appeals are not necessarily binding. See, *e.g.*, *General Accident Ins. Co. of America v. Gonzales*, 86 F.3d 673, 675 (7th Cir. 1996). At the same time, the Seventh Circuit has taught that district courts should examine the

decisions of an intermediate appellate court for guidance if the state supreme court has not decided the question before the federal court. *Klunk v. County of St. Joseph*, 170 F.3d 772, 777 (7th Cir. 1999). Federal courts "ought to give great weight to the holdings of the state's intermediate appellate courts and ought to deviate from those holdings only when there are persuasive indications that the highest court of the state would decide the case differently." *Woidtke v. St. Clair County*, 335 F.3d 558, 562 (7th Cir. 2003), quoting *Allstate Ins. Co. v. Menards, Inc.*, 285 F.3d 630, 637 (7th Cir. 2002); accord, *State Farm Mutual Auto. Ins. Co. v. Pate*, 275 F.3d 666, 669 (7th Cir. 2001) (following line of decisions by the Indiana Court of Appeals). This court sees no persuasive reason to predict that the Indiana Supreme Court would reject the reasoning or conclusion of the *Dunaway* court.

State Farm also relies on the Seventh Circuit's statement in *Lewis v. Methodist Hospital, Inc.*, 326 F.3d 851, 854 (7th Cir. 2003), that Indiana courts recognize "that where a contract contains a limiting or qualifying provision, that provision may not be avoided by casting a suit for breach of the contract as a tort." The Seventh Circuit made this comment in the course of holding that a district court had erred by taking an approach that is in essence a mirror image of what State Farm seeks to do here. The district court had applied Indiana's two year statute of limitations for tort claims to a claim for breach of contract. In support of the comment, the Seventh Circuit cited *Orkin Exterminating Co. v. Walters*, 466 N.E.2d 55, 58 (Ind. App. 1984), which the *Dunaway* court had

-10-

considered and distinguished because it did not deal with an insurance contract and the special relationship between insurer and insured recognized in *Erie Ins. v. Hickman.* See *Dunaway*, 813 N.E.2d at 387.[1] The Seventh Circuit in *Lewis* also cited Judge Tinder's decision in *Travelers Casualty & Surety Co. v. Elkins Constructors, Inc.*, 2000 WL 724006, *11 (S.D. Ind. May 18, 2000), which also did not deal with an insurance contract. The statement in *Lewis* therefore does not diminish the predictive force of *Dunaway*.

This court sees no reason to distinguish between the policy's joinder requirement in this case and the policy limitations period in *Dunaway* or the arbitration clause in *HemoCleanse*. Under the approach of the Indiana Court of Appeals in *Dunaway* and *HemoCleanse,* the policy provisions do not apply to tort claims for breach of an insurer's duty of good faith and fair dealing, even where the alleged breach is in essence the wrongful denial or limitation of coverage. Perhaps the Indiana Supreme Court will choose a different course when it faces these issues, but this court cannot predict that it will do so.

Accordingly, State Farm's motion to dismiss the amended complaint is granted with respect to the breach of contract claim in Count One and denied with respect to the tort claim for bad faith in Count Two. At the same time, the court notes the apparently unsettled state of Indiana law on the diminished value issue

---

[1] *Orkin Exterminating* was abrogated in part on other grounds by *Mitchell v. Mitchell*, 695 N.E.2d 920 (Ind. 1998).

at the relevant time, as reflected by the Indiana Court of Appeals decision in *Dunn v. Meridian Mutual Ins. Co.*, 810 N.E.2d 739, 740-41 (Ind. App. 2004), *rev'd*, 836 N.E.2d 249 (Ind. 2005). For example, it appears that the trial judge in *Dunn*, at least, concluded that the insurer had no duty under its uninsured motorist policy to cover diminished value. Cf. *Thompson Hardwoods, Inc. v. Transportation Ins. Co.*, 2002 WL 440222, *7-*12 (S.D. Ind. March 15, 2002) (granting summary judgment for insurer on claim for bad faith denial of coverage where applicable law was not clear, though court later granted summary judgment to plaintiff on claim for breach of contract, 2002 WL 31040703). State Farm shall have until December 18, 2006 to answer Count Two of the amended complaint. The court will set a status conference in the near future to discuss with counsel how best to proceed in this action.

So ordered.

Date: November 28, 2006

_____
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Arend J. Abel
COHEN & MALAD LLP
aabel@cohenandmalad.com

Joseph A. Cancila Jr.
SCHIFF HARDIN LLP
jcancila@schiffhardin.com

Dennis F. Cantrell
BINGHAM MCHALE, LLP
dcantrell@binghammchale.com

James P. Gaughan
SCHIFF HARDIN LLP
jgaughan@schiffhardin.com

Scott D. Gilchrist
COHEN & MALAD LLP
sgilchrist@cohenandmalad.com

James Keller
KELLER & KELLER
2850 North Meridian Street
Indianapolis, IN 46208

Irwin B. Levin
COHEN & MALAD LLP
ilevin@cohenandmalad.com

Anna E. Muehling
BINGHAM MCHALE
amuehling@binghammchale.com

Eric S. Pavlack
COHEN & MALAD LLP
epavlack@cohenandmalad.com