UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KAREN C. RAY, | ) | |
| on behalf of herself and all others | ) | |
| similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | 1:05-cv-1782-DFH-TAB |
| | ) | |
| vs. | ) | |
| | ) | |
| STATE FARM MUTUAL AUTOMOBILE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON PLAINTIFF'S MOTION TO COMPEL

### I.     Introduction.

In June 2004, an uninsured driver struck Plaintiff's car.  Under Defendant's policy issued

to Plaintiff in April of 2004, Defendant paid for the repair of damage to Plaintiff's car.  Plaintiff

subsequently filed this lawsuit against Defendant alleging that Defendant, among other things,

breached its duty of good faith and fair dealing with Plaintiff concerning any obligation to pay

diminished value to Plaintiff's car.[1]  Against this backdrop, Plaintiff moves the Court to compel

documents and deposition testimony concerning Defendant's practices, procedures, and policies

outside the state of Indiana, which Plaintiff asserts are relevant to her breach of good faith claim.

[Docket No. 60.]  Defendant objects to this motion on the grounds that Plaintiff's requests are

irrelevant, overly broad, and unduly burdensome.  [Docket No. 64.]  For the reasons set forth

below, the Court denies Plaintiff's motion.

---

[1] Plaintiff seeks to proceed as a class action, although no class has been certified to date.

II.     **Discussion.**

Plaintiff's discovery requests can be best summarized as seeking documents related to Defendant's practices, procedures, and policies in states other than Indiana in which Defendant is legally obligated to pay diminished value under claims similar to Plaintiff's, and a Rule 30(b)(6) witness who can attest to Defendant's diminished value claims practice, procedure, and policies in Georgia.  [Docket No. 60 at pp. 2-4.]  Plaintiff contends that the "documents and information sought fall well within the scope of discovery permitted by Rule 26."  [*Id*. at p. 1.] Specifically Plaintiff argues that this discovery is relevant "to show what [Defendant] should have been doing in Indiana for decades when adjusting uninsured motorist claims . . . ."  [Docket No. 68 at p. 1.]

Defendant argues that Plaintiff's requests sweep too broadly, are based on faulty premises of relevance, and to the extent they might yield any marginally relevant information are unduly burdensome.  [Docket No. 64 at pp. 4-12.]  Defendant's position concerning the scope of Rule 26 is more persuasive, and Plaintiff's contentions are specious at best.

As this Court has noted many times before, discovery under Rule 26 is liberal but not limitless.  Chief among any limitation is relevance.  Relevance for the purposes of Rule 26 means that information that "appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  Under Rule 26, Plaintiff may discover information reasonably calculated to lead to the discovery of admissible evidence concerning her Indiana state law claims.

The information concerning Defendant's practice, procedure, and policies concerning diminished value in states other than Indiana -- regardless of whether the law is similar or

2

distinct -- does not fall within the scope of discoverable information.  This is because Plaintiff's claims hinge on what Defendant did or did not do with respect to its obligations under the Indiana policy and what its obligations were under Indiana law.  What Defendant has done in other states has no bearing on this analysis despite Plaintiff's urging to the contrary.  Thus, this information is not discoverable.

Moreover, the Court does not find Indiana's law nearly as well settled as Plaintiff contends.  Defendant issued the Plaintiff's policy in April 2004 and she incurred compensable damage to her car in June 2004.  Yet, Indiana's Appellate Court for the first time weighed in on the matter of an insurer's obligation to pay diminished value under claims similar to Plaintiff's in April 2004.[2]  *See Allgood v. Meridian Security Insurance Co.*, 807 N.E.2d 131, 134 (Ind. Ct. App. 2004) (court noted that until this decision "no Indiana case has addressed the issue of whether a collision insurer is obligated to include payment for diminution in value.").  This decision was appealed shortly thereafter, and the ultimate outcome of this issue remained in question until October 2005 when the Indiana Supreme Court addressed this issue in *Allgood* and another similar case, *Dunn v. Meridian Mutual Ins. Co.,* 836 N.E.2d 249 (Ind. 2005).  Yet, to sustain her bad faith denial claim, Plaintiff must proffer evidence showing that Defendant "denied coverage without a rational, principled basis for doing so."  *Lummis v. State Farm Fire & Casualty Co.*, 469 F.3d 1098, 1100 (7th Cir. 2006) (relying on Indiana case law).  The uncertain state of Indiana law before, during, and immediately after Plaintiff's claim as demonstrated in *Allgood* and *Dunn* belie the notion that Defendant's practices in other states have any relevance to the disposition of Plaintiff's bad faith claim.

---

[2] In fact, this case came down 16 days after Defendant issued the policy here.

3

Accordingly, the Court sustains Defendant's objections to the discovery sought by

Plaintiff, and Plaintiff's motion to compel [Docket No. 60] is denied.


Dated:  06/01/2007



Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

4

Copies to:

Arend J. Abel
COHEN & MALAD LLP
aabel@cohenandmalad.com

Joseph A. Cancila Jr.
SCHIFF HARDIN LLP
jcancila@schiffhardin.com

Dennis F. Cantrell
BINGHAM MCHALE, LLP
dcantrell@binghammchale.com

James P. Gaughan
SCHIFF HARDIN LLP
jgaughan@schiffhardin.com

Scott D. Gilchrist
COHEN & MALAD LLP
sgilchrist@cohenandmalad.com

Gabriel Adam Hawkins
COHEN & MALAD LLP
ghawkins@cohenandmalad.com

Irwin B. Levin
COHEN & MALAD LLP
ilevin@cohenandmalad.com

Anna Muehling Mallon
BINGHAM MCHALE
amuehling@binghammchale.com

Eric S. Pavlack
COHEN & MALAD LLP
epavlack@cohenandmalad.com

Jere A. Rosebrock
COHEN & MALAD LLP
jrosebrock@cohenandmalad.com

James Keller
KELLER & KELLER
2850 N Meridian Street
Indianapolis, IN 46208