UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KAREN C. PATTERSON RAY, on behalf of herself and all others similarly situated, | ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:05-cv-1782-DFH-TAB |
| | ) |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) |
| | ) |
| Defendant. | ) |

ENTRY ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant State Farm Mutual Automobile Insurance Company has moved for summary judgment on plaintiff Karen Patterson Ray's remaining claim for tortious bad faith in handling her claim for property damage arising out of an accident on June 26, 2004. Pursuant to the uninsured motorist coverage in plaintiff's State Farm policy, State Farm paid to have her vehicle repaired. Plaintiff was satisfied with the repairs. In this lawsuit, however, plaintiff contends that State Farm acted in bad faith by failing to inform her that she was also legally entitled to an additional recovery for the repaired vehicle's "diminished value" resulting from the mere fact that it had been in an accident. See generally *Dunn v. Meridian Mutual Ins. Co.*, 836 N.E.2d 249 (Ind. 2005) (holding, the day before plaintiff filed this lawsuit, that Indiana law provided for diminished value recovery

under similar uninsured motorist coverage).  State Farm has moved for summary judgment on the tort claim, and as explained below, the motion is granted.

The undisputed facts show that plaintiff owned a Jeep that she insured through State Farm.  On June 26, 2004, plaintiff was in an accident that was covered by the uninsured motorist coverage with State Farm. The uninsured motorist coverage stated that State Farm would "pay damages for . . .  property damage an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle."

Plaintiff selected a particular Jeep dealership to repair the vehicle.  State Farm paid $5,764.92 directly to the dealership for the repairs.  In her deposition, plaintiff testified that she was "happy with the repairs," that the vehicle "looked good," and that she did not "see any evidence that the car had been repaired." Ray Dep. 52.  She agreed that the vehicle "looked just as good as it had before the accident" and had continued to run well.  *Id.* at 53-55.

In addition to the accident on June 26, 2004, plaintiff's Jeep had also been involved in four other accidents:  on February 15, 2004; March 6, 2004; March 11, 2006; and December 12, 2006.  Plaintiff has not come forward with any specific evidence about diminished value resulting from the June 26, 2004 accident.  She has offered no appraisal or expert opinion.  She has offered her opinion based on "common sense and experience as an automobile consumer" that the repaired

vehicle was reduced in value by the June 26, 2004 accident, but she has not attempted to quantify that reduction.

Plaintiff's argument in this case is that a fully repaired vehicle is worth less on the market than an otherwise identical vehicle that has never been in an accident and repaired.  In *Dunn v. Meridian Mutual*, the Indiana Supreme Court implicitly accepted that possibility as a matter of economics and held that uninsured motorist coverage would include coverage for diminished value, in addition to repair costs, though nothing in *Dunn* suggests that the plaintiff would be relieved of the burden of proving such damages.  See 836 N.E.2d at 253.

The court previously dismissed plaintiff's breach of contract claim because she had failed to comply with a condition of the policy, which required that she name as a defendant in the lawsuit the uninsured motorist who was legally responsible for the damages.  See *Patterson v. State Farm Mutual Auto. Ins. Co.*, 2006 WL 1877002 (S.D. Ind. July 6, 2006).  Although the court granted plaintiff leave to join the uninsured motorist if she wished to do so, she elected not to do so, presumably to smooth the way for seeking certification of a plaintiff class of other similarly situated policy holders.  The only claim now before the court is her claim for the tort of bad faith in claim administration.  See *Patterson v. State Farm Mutual Auto. Ins. Co.*, 2006 WL 3626389 (S.D. Ind. Nov. 28, 2006) (holding that policy requirement that uninsured motorist be joined did not apply to tort claim).

State Farm offers several arguments in favor of summary judgment.  The court finds that one is persuasive, without reaching the other arguments.  Quite simply, plaintiff has failed to come forward with evidence that her Jeep in fact suffered any diminished value in any ascertainable amount as a result of the June 26, 2004 accident.  The burden is on plaintiff to prove her damages.  *E.g.*, *Webb v. Jarvis*, 575 N.E.2d 992, 995 (Ind. 1991).  State Farm's motion for summary judgment challenged plaintiff to come forward with evidence sufficient to meet that burden.  State Farm pointed out that plaintiff had failed to support her claim for damages in her interrogatory answers, her deposition testimony, or with expert opinion in the form of an appraisal or otherwise.

In response, plaintiff relies on her own testimony to the effect that her vehicle lost value as a result of the June 26, 2004 and the repair.  Ray Dep. 86; Ray Aff. ¶ 3.  She asserts that Indiana law permits the owner of a vehicle to give an opinion on the value of the vehicle.  See *Charlie Stuart Oldsmobile, Inc. v. Smith*, 357 N.E.2d 247, 251-52 & n.4 (Ind. App. 1976), *vacated in part on other grounds*, 369 N.E.2d 947 (Ind. App. 1977).  She also relies on testimony from a State Farm representative to the effect that, all other things being equal, she would buy a car that had not been an accident and repaired over one that had.  Bottom-Seals Dep. 203-04, 217.

This evidence does not meet plaintiff's burden of coming forward with evidence that would allow any damage award based on more than speculation or

conjecture.  See *Wright v. St. Mary's Medical Center*, 59 F. Supp. 2d 794, 800 (S.D. Ind. 1999) (Young, J.) (damage awards may not be based on "speculation or conjecture").   Indiana law requires that damages be "relatively certain," and plaintiff may not recover damages where she cannot establish "a reasonable basis in the evidence to support a damage award." *Id.*, citing *Turbines, Inc. v. Thompson*, 684 N.E.2d 254, 258 (Ind. App. 1997); see also *Allgood v. General Motors Corp.*, 2006 WL 2669337, at *35-37 (S.D. Ind. Sept. 18, 2006) (explaining that similar claim under Indiana law for "stigma" damages after remediation of polluted real estate would require plaintiffs to offer competent proof of loss of value).

Plaintiff has not offered evidence in the form of an appraisal or any other expert opinion about the vehicle's diminished value.  She has offered only her own opinion, based on common sense and experience as a consumer, that her vehicle was worth less after the accident and repairs than it was worth before the accident.  Ray Aff. ¶ 3.  She has not attempted to quantify that reduction in value in any way.  And even if that problem could be solved in the case of a fairly new vehicle that had been in just one accident, plaintiff's vehicle had been in two accidents before the one at issue here and has been in two more later accidents. On this record, any award of damages would necessarily be based on nothing but guesswork and speculation.

Because plaintiff has failed to come forward with evidence that would sustain her burden of proof as to an essential element of her claim, after being

challenged to do so, defendant's motion for summary judgment must be granted.

The court will enter final judgment accordingly.


So ordered.

Date: February 19, 2008

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Arend J. Abel
COHEN & MALAD LLP
aabel@cohenandmalad.com

Joseph A. Cancila Jr.
SCHIFF HARDIN LLP
jcancila@schiffhardin.com

Dennis F. Cantrell
BINGHAM MCHALE, LLP
dcantrell@binghammchale.com

James P. Gaughan
SCHIFF HARDIN LLP
jgaughan@schiffhardin.com

Scott D. Gilchrist
COHEN & MALAD LLP
sgilchrist@cohenandmalad.com

Gabriel Adam Hawkins
COHEN & MALAD LLP
ghawkins@cohenandmalad.com

James  Keller
KELLER & KELLER
2850 N Meridian Street
Indianapolis, IN 46208

Irwin B. Levin
COHEN & MALAD LLP
ilevin@cohenandmalad.com

Anna Muehling Mallon
BINGHAM MCHALE LLP
amuehling@binghammchale.com

Eric S. Pavlack
COHEN & MALAD LLP
epavlack@cohenandmalad.com

Jere A. Rosebrock
COHEN & MALAD LLP
jrosebrock@cohenandmalad.com